**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2747
_____

DIXON JAVIER VILLATORO,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-391-551)
Immigration Judge: Richard Bailey
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 13, 2025

Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: April 4, 2025)
_____

OPINION[*]
_____

PER CURIAM

     Dixon Javier Villatoro petitions for review of his order of removal. We will deny

his petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Villatoro is a citizen of Honduras who was removed from the United States in 2011. He illegally reentered the United States in 2021, and the Government later reinstated his removal order and placed him in a "withholding-only" proceeding.

Through counsel, who represented Villatoro at all stages of that administrative proceeding, he sought relief on two grounds. First, he claimed to fear harm because of his familial relations and his potential future political activity. The basis for this claim was that Villatoro is a distant cousin of Berta Cáceres, a political activist who was killed in Honduras in 2016. Villatoro claimed that, although he has not been politically active himself, he might pursue politics in the future. He further claimed that, when he told people at a business event that he was related to Cáceres, they told him to "be careful." Second, Villatoro claimed that gang members extorted money from his barbershop until he closed it during the pandemic and came to the United States. On the basis of these claims, Villatoro applied for statutory withholding of removal on the ground that he faces persecution because of (1) his actual or imputed political opinion, and (2) his membership in a particular social group defined as relatives of Cáceres. He also applied for relief under the Convention Against Torture ("CAT").

An Immigration Judge ("IJ") found Villatoro's testimony on these points credible but denied relief. The IJ denied his application for statutory withholding on several grounds, including that he did not show a nexus between any harm he might face in Honduras and a protected ground as required by 8 U.S.C. § 1231(b)(3)(A). The IJ also denied his CAT application on the ground that he did not show that he likely would be

2

tortured in Honduras as required by 8 C.F.R. § 1208.16(c)(2) because, inter alia, his claim that he might be tortured for future political activities was speculative. Villatoro appealed to the Board of Immigration Appeals ("BIA"), but the BIA affirmed these rulings and dismissed his appeal. The BIA also denied a motion that he filed to remand to the IJ for consideration of new evidence. Villatoro petitions for review pro se.[1]

## II.

Villatoro raises three arguments that potentially state grounds for relief, but they lack merit. First, he challenges the IJ's conclusion that he failed to show a nexus between any potential harm in Honduras and his proffered protected grounds—i.e., actual and imputed political opinion and membership in the putative particular social group defined as relatives of Cáceres. Villatoro can prevail on this challenge only if the record compels the conclusion that one or more of these grounds would be "one central reason" for any persecution he might face in Honduras. Thayalan, 997 F.3d at 138, 142-43.

The record does not compel that conclusion. Villatoro's sole argument on this point is that "[i]ndividuals and organizations have continued to target members of [Cáceres's] family, even after her assassination" in 2016. (Pet'r's Br. at 2.) Villatoro has not cited any evidence to that effect. It appears that Villatoro is referring to an article

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the IJ's and BIA's decisions together because the BIA both relied on the IJ's conclusions and provided its own analysis. See Thayalan v. Att'y Gen., 997 F.3d 132, 137 (3d Cir. 2021). We review factual findings for substantial evidence and may not disturb them unless "any reasonable adjudicator would be compelled to conclude to the contrary." Id. (cleaned up). We review legal rulings de novo and review the denial of a motion to remand for abuse of discretion. See Calderon-Rosas v. Att'y Gen., 957 F.3d 378, 383 (3d Cir. 2020).

reporting that one of Cáceres's daughters survived an attack in 2017. (A.251.)[2] As the Government argues, Villatoro is not similarly situated. The same article reporting the attack on Cáceres's daughter also reports that she was engaged in the same kind of political activism as Cáceres. (Id.) But Villatoro testified, and the IJ found, that he has not been politically active himself. (A.90, 160, 189.) Villatoro also is more distantly related to Cáceres.

Thus, the mere fact that someone targeted one of Cáceres's daughters in 2017 does not compel the conclusion that Villatoro's more distant relation to Cáceres would lead anyone to target him. Nor does any other evidence of record, including Villatoro's testimony that unidentified people at a business conference told him to "be careful." (A.190, 199.) In addition, Villatoro has not challenged the IJ's finding that he failed to show any nexus between the extortion of his barbershop and a protected ground, and that finding is supported by substantial evidence for the reasons that the agency explained.[3]

Second, Villatoro argues that the agency erred in denying his CAT application. As the Government argues, Villatoro has forfeited this challenge because he has not raised any specific challenge to the IJ's finding that he failed to prove a likelihood of torture in Honduras or any other specific challenge to the denial of CAT relief. But the

---

[2] The Government has filed two administrative records in this case. Citations to the record herein are to the record docketed September 27, 2024, at Docket No. 10.

[3] As the Government argues, the lack of a nexus with a protected ground is sufficient to resolve Villatoro's application for statutory withholding. Thus, we need not reach other issues that he raises as to that application, including whether his putative particular social group is cognizable (which the BIA similarly did not reach).

Government also argues that this challenge lacks merit, and we agree on that score as well. Substantial evidence supports the IJ's finding that Villatoro did not show that he likely will be tortured in Honduras for the reasons that the agency explained. For the same reasons, the agency's analysis of that issue comported with the framework required by Myrie v. Attorney General, 855 F.3d 509, 516 (3d Cir. 2017), and Kaplun v. Attorney General, 602 F.3d 260, 269-72 (3d Cir. 2010).

Third and finally, Villatoro argues that the BIA erred in denying his motion to remand. Once again, Villatoro has forfeited this challenge because he has not raised any specific challenge to the BIA's ruling. And once again, this challenge also lacks merit. Villatoro asked the BIA to remand for the IJ to consider additional evidence of his familial relation to Cáceres. (A.21-32.) But the agency did not question his familial relation to Cáceres or fault him for failing to document it. Instead, the agency properly concluded that he failed to show that anyone would target him because of that relation. The evidence that Villatoro presented with his motion to remand had no bearing on that issue. Thus, the BIA did not abuse its discretion in denying the motion on the ground that Villatoro's new evidence, together with evidence already of record, did not show a reasonable likelihood that he was entitled to withholding of removal. See Tilija v. Att'y Gen., 930 F.3d 165, 171 (3d Cir. 2019).

### III.

For these reasons, we will deny the petition for review. Villatoro's second motion to stay his removal is denied as moot in light of our denial of his petition for review. See Catney v. INS, 178 F.3d 190, 196 n.9 (3d Cir. 1999).

5